UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

JANE DOE,

      Plaintiff,

v.

NCL (BAHAMAS) LTD., A BERMUDA
COMPANY d/b/a NORWEGIAN CRUISE LINE

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff JANE DOE (hereinafter "Plaintiff" or "JANE DOE") hereby sues the Defendant NCL (BAHAMAS) LTD., A BERMUDA COMPANY d/b/a NORWEGIAN CRUISE LINE, (hereinafter "Defendant" or "NCL") and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF.** JANE DOE is *sui juris* and is a permanent resident and citizen of a resident of Gulf Shores, Alabama. "JANE DOE" is an alias used because of the nature of the events in this matter.  The Defendant are aware of the identity of JANE DOE.

3. **THE DEFENDANT**. The Defendant NCL (BAHAMAS) LTD., A BERMUDA COMPANY d/b/a NORWEGIAN CRUISE LINE, (hereinafter "Defendant" or "NCL") for the

1

purposes of diversity jurisdiction is a corporation registered and incorporated in Bermuda. NCL's principal place of business is in Miami, Florida.  The Defendant is authorized to do business in the State of Florida and at all times hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a) Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and/or

    b) Had an office or agency in this state and/or county; and/or

    c) Engaged in substantial activity within this state; and/or

    d) Committed one or more of the acts stated in Florida Statute, Sections 48.081, 48.181, or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on February 7, 2020.

8. **LOCATION OF INCIDENT.** The incident occurred on board the *NCL Getaway.* a ship in navigable water while the Plaintiff was a passenger board. Accordingly, the Plaintiff's claims are governed by the general maritime law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENTS.** At all times and material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff does not have a copy of the subject ticket but the Defendant does.

10. **NCL.** NCL advertises on its website that "[y]our safety our priority." However, the reality is different. Further, in an effort to save its public image and profits rather than the safety and security of its passengers, the cruise line reports incidents to U.S. authorities, the press, and the public. These representations are false. They cause the American public, including the Plaintiff herein, to choose this cruise line and when onboard to let down their guard as to the dangerous tendencies of crewmembers, and to rely on the security of the security personnel onboard the ship.

11. **THE BUSINESS MODEL; WORKING CONDITIONS AND THE FAILURE TO SCREEN, TRAIN, AND MONITOR.** The cruise line hires its crew from underdeveloped countries or from countries where the economies are bleak, and the unemployment rates are high. The cruise line chooses to hire from these countries to pay low wages and to get a willing workforce to work on a ship away from home for months at a time and for 7 days a week, often 12 to 14 hours a day.

12. The cruise line utilizes agents or "hiring partners" in these countries and relies on the "hiring partners" to obtain background information on these candidates.  As the cruise line knows, it is all but impossible to obtain complete and reliable background information, medical and psychological records, and criminal records in such countries. And the "hiring partners" are paid per person actually hired by the cruise line. Accordingly, the cruise line places a disincentive on its "hiring partners" to conduct background checks which can result in exclusion of people for hire.

13. The cruise line then fails examine and test—reasonably under these circumstances—the applicants for a job which involves this level of contact with the public.  The cruise line also fails to train these crewmembers well, and then fails to monitor the crewmembers. NCL's failure to select, train and control its male crew members and/or officers to stay away from female passengers is disastrous in combination with NCL encouraged partying and drinking on its ships. NCL fails to protect its female passengers from sexual assault, battery and rape by its crew members and/or officers. NCL fails to warn female passengers that NCL's male crew and/or officers represent a danger to female passengers.

14. NCL hires male crew members and/or officers who are from a variety of different cultures.  These crew members and/or officers are away from their wives and girlfriends for months at a time.  The crew members and/or officers are inadequately screened and trained to deal with female passengers on its cruise ships. The cruise line's alleged "zero tolerance" policy for fraternization between crew and passengers and/or officers is not implemented and enforced on the cruise ships.

15. The cruise invites 3,963 passengers and 1600 crew on to an enclosed living and partying situation. The cruise line knows that crimes occur on their ships, including sexual assaults. Yet, the cruise line fails to provide for the safety and security of its passengers during its cruises. This failure of safety and security results in sexual assaults and personal injuries to its passengers.

4

16. Further, the cruise lines fails to monitor and control its crewmembers onboard the ship in a reasonable manner.  In sum, NCL fails to provide a reasonably safe environment for its passengers on the *NCL Getaway* and to protect passengers from sexual assault, battery and rape by its crew members.

17. **DESCRIPTION OF THE INCIDENT.**  NCL's failures allowed an NCL crewmember to attack and sexually assault JANE DOE. NCL crewmember Marco worked as a bartender on board the *NCL Getaway*. As the bartender, NCL crewmember Marco could easily pray on female passengers and NCL knew this. NCL also knew that NCL crewmember Marco had other prior incidents of being aggressive with female passengers. Despite knowing this, NCL allowed NCL crewmember Marco to continue to work as a bartender on board its ship.

18. At approximately 10:00pm on February 6, 2020, the fourth night of the subject cruise, JANE DOE, her daughter and two other friends went to a Bar on board the *NCL Getaway*. There were about 20-25 other passengers in the Bar. NCL crewmember Marco was working as the bartender and he served JANE DOE and her group drinks. JANE DOE and her group were enjoying listening to the musician playing the piano in the Bar.

19. After midnight on February 7, 2020 NCL crewmember Marco approached JANE DOE to invite her to an after party. The after party had not begun yet but NCL crewmember Marco offered to show JANE DOE where the after party was going to be. JANE DOE thought that NCL crewmember Marco was being helpful. JANE DOE accompanied NCL crewmember Marco to a room. There was no after party set up in the room that NCL crewmember Marco took JANE DOE to, instead there was broken glass on the floor. NCL crewmember locked the door behind them to prevent JANE DOE from leaving. Immediately upon entering the room JANE DOE became very uncomfortable. JANE DOE did not want to be in the room with NCL crewmember Marco and she

made this clear. JANE DOE told NCL crewmember Marco that she had left her drink at the bar so that she could leave. NCL crewmember Marco would not let JANE DOE leave. When JANE DOE was banging on the door for someone to open it, NCL crewmember Marco took her away from the door and told JANE DOE that the door would not open and that they had to leave from another door.

20. NCL crewmember Marco pinned JANE DOE against the wall. JANE DOE was terrified. JANE DOE tried to escape from NCL crewmember Marco but he was larger than her and over powered her. JANE DOE could not get away. JANE DOE was in fear for her life. NCL crewmember Marco sexually assaulted JANE DOE while he had JANE DOE pinned against the wall. Finally, JANE DOE was able to escape when another female crewmember appeared and asked JANE DOE if she wanted to be there. JANE DOE said no and ran from NCL crewmember Marco.

21. JANE DOE reported the incident on board to NCL. JANE DOE filled out an incident report. NCL would not return JANE DOE and her groups passports until everyone signed documents. While JANE DOE was report the incident to NCL, the staff captain was present and told JANE DOE that Marco had other prior incidents of being aggressive with female passengers.

22. NCL never advised JANE DOE about the actions it was taking, if any, with crewmember Marco. JANE DOE had no idea if Marco was still working on the ship. Because NCL never told JANE DOE about Marco's whereabouts after the attack, NCL caused DOE to live in constant fear that Marco would attack her again.

23. NCL crewmember Marco knew JANE DOE's passenger cabin number because he had served her drinks. Because NCL crewmember Marco had access to the central key to all cabins, he could come and go as he pleased and no locks could keep him out. And DOE knew this. Because of this, DOE was terrified that NCL crewmember Marco was going to let himself into her passenger cabin and assault her again.

24. Following the attack, NCL assigned another crewmember to stay with JANE DOE. JANE DOE remained terrified that NCL crewmember Marco was going to assault her again. JANE DOE had no idea whether the NCL crewmember assigned to stay with her would assist NCL crewmember Marco and allow him to assault JANE DOE again. To make matters worse, and while JANE DOE was vulnerable after the attack, the NCL crewmember assigned to stay with JANE DOE stole, from JANE DOE's passenger cabin, the dress and jewelry that JANE DOE was wearing when she was attacked. That NCL crewmember also stole the dress and shoes JANE DOE's daughter was wearing when her mother was attacked.

25. JANE DOE did not consent to the sexual acts described herein.

26. **NOTICE: PRIOR INCIDENTS.** NCL knows that sexual assaults on board its ships are a serious problem.

> Since 2010 cruise lines have been required to keep records of all complaints about certain crimes — including sexual assault and rape — that occur aboard any of their ships during a cruise "that embarks or disembarks passengers in the United States." 46 U.S.C. § 3507(g)(1)(A); see id. § 3507(k)(1). Cruise lines must report those complaints to the FBI and the Department of Transportation. Id. § 3507(g)(3)(A)(i), (ii). The DOT has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about certain crimes — including sexual assault and rape — that occur on board cruise vessels. See id. § 3507(g)(4). Those compilations are called Cruise Line Incident Reports. Cruise Line Incident Reports, U.S. Dep't Transp., https://www.transportation.gov/mission/safety/cruise-line-incident-reports (last updated Apr. 17, 2019).

*K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"). Accordingly, NCL knows about the dangerous condition on board its ships from prior incidents. See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol*

was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

27. **NOTICE: ON-GOING, REPETIVE PROBLEM.** Additionally, NCL knows or should know that sexual assaults on board its ships are an on-going repetitive problem.

28. **NOTICE: POLICY AND PROCEDURES**. Additionally, NCL knows or should know that that sexual assaults are a serious problem on board its ships because NCL has written policy, procedures and trainings about sexual assaults.

**COUNT I**
**NEGLIGENT SECURITY**

29. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 28, above.

30. This is an action for negligent security on board the *NCL Getaway* which allowed an NCL crewmember to sexually assault the Plaintiff.

31. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the

passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

32. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**   The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc.* 394 F. 3d at 911.

33. NCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.  In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

34. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

35. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

36. **NCL'S BREACHED ITS DUTY**: NCL breached its duty to the Plaintiff. NCL failed to install a sufficient amount of security cameras on the cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit NCL to respond to such incidents. NCL failed to provide a reasonable number of experienced and trained security officers, supervisor, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. NCL failed to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. NCL failed to ascertain the cause of prior similar accidents so as to take measures to prevent its re-occurrence of sexual harassment and assaults. NCL failed to investigate the hazards and assess risks to passengers, like the Plaintiff and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the Plaintiff, of the dangers from the hazards and risks. NCL failed to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case. NCL failed to implement the recommendations of security experts and sexual harassment experts. adequately investigate prior and subsequent incidents and injuries where crew members and passenger have been sexually harassed, assaulted or battered on the *NCL Getaway* and NCL's other vessels. NCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. NCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

37. **PROXIMATE CAUSE**: NCL's failures put the Plaintiff in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries.  Had NCL properly implemented a security system the Plaintiff would never have been raped, sexually assaulted and/or assaulted.

38. **DAMAGES**: NCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT II**
**NEGLIGENT HIRING**

39. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 28, above.

40. This is an action for negligent hiring of the NCL crewmember who sexually assaulted the Plaintiff on board the *NCL Getaway*.

41. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

42. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.** The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape. This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity*

*Cruises Inc.*, 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

43. NCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.  In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

44. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

45. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

46. **NCL'S BREACHED ITS DUTY**: NCL breached its duty by hiring crewmembers it knew or should have known would sexually assault passengers. NCL breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures failed to reasonably hire and select its onboard crew. In doing so NCL failed to reasonably conduct background checks on its crew members, NCL also failed to implement reasonable and proper procedures for safety and security of the passengers onboard the ship, including the safety of female passengers.  NCL failed to recruit crew and/or officers from countries where proper background checks can be reasonably ascertained.  NCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for

NCL employees regarding conduct and/or fraternization with passengers. NCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. NCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

47. **PROXIMATE CAUSE**: NCL's failure to properly hire and select, its crew members put the Plaintiff in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries.  Had NCL properly hired and selected, its crew members the Plaintiff would never have been raped, sexually assaulted and/or assaulted.

48. **DAMAGES**: NCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the

applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**NEGLIGENT RETENTION**

49. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 28, above.

50. This is an action for negligent retention of the crewmember who sexually assaulted the Plaintiff on board *NCL Getaway*.

51. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

52. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.** The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape. This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional

responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

53. NCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.  In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

54. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

55. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

56. **<u>NCL'S BREACHED ITS DUTY</u>**: NCL breached its duty to retain and monitor its crew members and breached its duties to the Plaintiff by its actions and conduct. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures failed to reasonably retain its onboard crew. In doing so NCL failed to implement and follow reasonable procedures and methods to supervise, monitor, review and/or surveil crew member conduct and interactions with NCL passengers.  NCL also failed to implement reasonable and proper procedures for safety and security

of the passengers onboard the ship, including the safety of female passengers. NCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for NCL employees regarding conduct and/or fraternization with passengers. NCL failed to reasonably and properly enforce rules, regulations, policies and procedures for NCL employees who fraternize with passengers. NCL failed to discharge and/or discipline NCL employees who breach rules, regulations, policies and procedures for NCL employees who fraternize with passengers. NCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. NCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

57. **PROXIMATE CAUSE**: NCL's failure to properly retain and monitor its crew members put the Plaintiff in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries. Had NCL properly retained and monitored its crew members the Plaintiff would never have been raped, sexually assaulted and/or assaulted.

58. **DAMAGES**: NCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT IV**
**NEGLIGENT SUPERVISION**

59. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 28, above.

60. This is an action for negligent supervision of the crewmember who sexually assaulted the Plaintiff on board *NCL Getaway*.

61. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

62. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**   The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc.* 394 F. 3d at 911.

63. NCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.  In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

64. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

65. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

66. **NCL'S BREACHED ITS DUTY**: NCL breached its duty to monitor and supervise its crew members and breached its duties to the Plaintiff by its actions and conduct. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures failed to reasonably monitor and supervise its onboard crew. In doing so NCL failed to implement and follow reasonable procedures and methods to supervise, monitor, review and/or surveil crew member conduct and interactions with NCL passengers. NCL also failed to implement reasonable and proper procedures for safety and security of the passengers onboard the ship, including the safety of female passengers. NCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for NCL employees regarding conduct and/or fraternization with passengers. NCL failed to reasonably and properly enforce rules, regulations, policies and procedures for NCL employees who fraternize with passengers. NCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. NCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

67. **PROXIMATE CAUSE**: NCL's failure to properly monitor and supervise its crew members put the Plaintiff in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries. Had NCL properly monitored and supervised its crew members the Plaintiff would never have been raped, sexually assaulted and/or assaulted.

68. **DAMAGES**: NCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not

limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT V**
**STRICT LIABILITY FOR SEXUAL ASSAULT,**
**SEXUAL BATTERY, AND RAPE**

69. The Plaintiff JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 28, above.

70. This is an action for strict liability for the sexual assault, sexual battery, and rape committed on the Plaintiff by an NCL crewmember.

71. On the date of the subject incident, NCL's employee, committed the intentional acts of sexual assault, sexual battery, and rape on the Plaintiff, a passenger.

72. NCL is strictly liable and responsible for the negligent acts of its shipboard crew members who were employees and/or actual agents of the Defendant. This ultimately is based on the fact that the crew members are employees of the cruise line.  Therefore, under respondeat superior the cruise line is liable for the negligence of all crew members working aboard its ships.

73. NCL's employee's intentional acts of sexual assault, sexual battery, and rape of the Plaintiff have caused the Plaintiff to suffer damages, economic and non-economic, past and future, for bodily injury, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses. The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT VI**
**VICARIOUS OR STRICT LIABILITY FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

74. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 28, above.

75. This is an action for NCL's negligent infliction of emotional destress. NCL's negligence caused the Plaintiff mental distress as a result of being violently physical attacked, sexually assaulted and/or sexually battered by NCL's crew member.

76. NCL anticipated and foresaw that crimes such as battery, sexual assault and battery would be perpetrated by crew members on passengers aboard its vessels.

77. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

78. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships, sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

79. The Defendant cruise line through the actions and conduct of its employee or agent, actual or apparent is vicariously or strictly liable for the negligent infliction of emotional distress. The employee or agent, actual or apparent, of the Defendant cruise line negligently inflicted emotional distress upon the Plaintiff by its actions and conduct of sexual assault and battery.

80. The Plaintiff was involved in the events causing the negligent injury, that is, the Plaintiff herein was the victim of the sexual assault and battery and rape.

81. The Plaintiff has a "close personal relationship to the directly injured person", that is, the Plaintiff was the directly injured person.

82. The Plaintiff suffered injuries when NCL's crew member violently attacked and sexually assaulted the Plaintiff.

83. NCL endangered Plaintiff's health and life. NCL's outrageous conduct proximately cased the Plaintiff to experience severe and extreme emotional distress. As a result of this incident, the Plaintiff suffers from psychological trauma.

84. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VII
## VICARIOUS OR STRICT LIABILITY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRES

85. The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28, above.

86. This is an action for NCL's intentional infliction of emotional destress. "Although maritime law does not explicitly provide a cause of action for emotional distress,

Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a maritime context." *Markham v. Carnival Corporation*, 2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002).

87. NCL's negligence caused the Plaintiff mental distress as a result of being violently physical attacked, sexually assaulted and/or sexually battered by NCL's crew member. NCL anticipated and foresaw that crimes such as battery, sexual assault and battery would be perpetrated by crew members on passengers aboard its vessels.

88. NCL knew or should have known that sexual assault and/or battery is intentional or reckless conduct where the perpetrator knew or should have known that emotional distress would likely result.

89. Sexual assault and/or batter is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community. Sexual assault and/or batter can cause and did cause emotional distress to the Plaintiff and the emotional distress was severe.

90. The Defendant cruise line through the actions and conduct of its employee or agent, actual or apparent is vicariously or strictly liable for the negligent infliction of emotional distress. The employee or agent, actual or apparent, of the Defendant cruise line intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct of sexual assault and battery.

91. The Plaintiff suffered injuries when NCL's crew member violently attacked and sexually assaulted the Plaintiff.

92. NCL endangered Plaintiff's health and life. NCL's outrageous conduct proximately cased the Plaintiff to experience severe and extreme emotional distress. As a result of this incident, the Plaintiff suffers from psychological trauma.

93. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VIII
## NEGLIGENT FAILURE TO WARN

94. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1-28, above.

95. This is an action for negligence of NCL's failing to warn passengers, including the Plaintiff, of known dangers beyond the point of debarkation in places where passengers are

invited or reasonably expected to visit.  NCL anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.

96. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.**  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

97. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**  The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

98. The circumstances are as follows. NCL, at all relevant times, as well as other major cruise lines have been required to keep records of all complaints about certain crimes which include sexual assault and rape.  Cruise lines, such as NCL, must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii).  The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels.  46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation sexual assault is the most common crime reported on cruise ships. Within a year of the Plaintiff's incident, cruise lines reported 148 crimes to the Department of Transportation, 119 of which involved sexual assaults.

99. NCL documents and as a matter of law must report prior incidents involving rape, sexual assault, assault and other crimes which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

100. Because NCL knows that the most commonly reported crime on cruise ships is sexual assault, documents prior incidents and trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes, NCL knew or should have known to warn its passengers, including the plaintiff, about the high risk to its passengers of crime and injury aboard the vessels.

101. **<u>NCL'S BREACHED ITS DUTY</u>**: NCL breached its duty to warn the Plaintiff of dangerous condition and breached its duties to the Plaintiff by its actions and conduct. NCL through its crew members failed to warn its passengers about the high risk to passengers of crime and injury aboard NCL's vessels. NCL failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury aboard NCL's vessels. NCL also failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. NCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

102. **<u>PROXIMATE CAUSE</u>**: NCL's failure to properly warn the Plaintiff of the high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries. Had NCL properly warned the Plaintiff of the dangerous condition, the Plaintiff would never have taken the subject cruise. The Plaintiff therefore would never have been raped, sexually assaulted and/or assaulted.

103. **<u>DAMAGES</u>**: NCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>COUNT IX</u>
<u>NEGLIGENT MISREPRESENTATION</u>

104. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1-28 above.

105. The Defendant negligently misrepresented that it would provide a safe cruise ship to its passengers including the Plaintiff.  The Defendant represented that its cruise is without worries even though it's cruise ships are confined spaces in waters off of sometimes remote and sometimes third world countries.

106. **<u>DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.</u>**  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the

passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

107. **<u>DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.</u>**   The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

108. NCL represents that passenger safety is NCL's priority.

109. NCL represents that it reports all serious crime allegations to the FBI and the U.S. Department of Homeland Security.

110. NCL's website information misleads prospective passengers and passengers to believe they can rely on NCL to provide a safe and secure ship.  However, NCL's website fails to offer any information as to what, if any, "Crime Prevention" is available to prospective passengers and passengers in NCL's "Security Guide".   Instead NCL provides crime response information of highly regarded and respected federal agencies and a sexual assault hotline to lure prospective passengers and passengers into believing NCL provides safe and secure ships.  Unbeknownst to prospective passengers and passengers, they may not be able to make calls to the

FBI, USCG and/or sexual assault hotline while at sea.  NCL misleads passengers to believe that they may contact the FBI or USCG "at any time during the voyage".

111. NCL employs staff to specifically address passenger and crew member safety including positions such as marine operations.  Marine operations include NCL employees who manage programs and provide support to all areas of the ships to ensure the safe, secure, environmentally sound and efficient operation of the fleet

112. The Defendant cruise line made these representations with that intent that its passengers, including the Plaintiff herein, rely upon them in deciding whether to purchase tickets to go onboard its cruise ships.

113. The representations made by the cruise line were false and misleading.  First, the subject cruise ship did <u>not</u> provide a safe and/or secure ship for its passengers including the Plaintiff.  Further, the cruise line through its omission of materials facts about the high risk of crime and injury including but not limited to rape, sexual assault and assault, and its unwillingness and its failure to properly retain, hire, train, monitor, and provide reasonable procedures for its staff as misrepresented the quality of its ships safety and security thereon.

114. The Plaintiff relied on NCL's representation that it provided a safe and secure ship when the Plaintiff decided to take the subject cruise.  The Plaintiff would not have selected have decided to go on the cruise if it had not been for the representations made by NCL with respect to the safety and security of its ships.

115. This reliance was to the detriment of the Plaintiff because the Defendant cruise line failed to provide a safe and secure ship, and failed to provide in its warnings and sufficient information about the fact that it failed to provide a reasonably safe and secure ship, failed to

properly retain, hire, train, monitor and provide reasonable procedures for its staff and misrepresented the quality of its ships safety and security thereon.

116. **<u>NCL BREACHED ITS DUTY</u>**: NCL breached its duty to reasonably represent to the Plaintiff the dangerous condition onboard NCL's ship and breached its duties to the Plaintiff by its actions and conduct.  NCL negligently misrepresented that it would provide a safe and secure cruise ship to its passengers including the Plaintiff.  The Plaintiff relied on NCL's misrepresentations to her detriment. NCL's misrepresentation included failure to disclose to the public and the Plaintiff herein the fact that under the cruise line's lack of resources and under manning safety and security of passengers, failure to disclose its knowledge of the high risk of crime and injury to passengers on cruise ships, the cruise line's failure to provide a reasonably safe and secure ship as represented on its website, failure to properly retain, hire, train, monitor and provide reasonable procedures as represented on NCL's website. NCL also misrepresentations failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. NCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*

117. **<u>PROXIMATE CAUSE</u>**: NCL's failure to reasonably represent to the Plaintiff the high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries.  Had NCL properly represented to the Plaintiff of the dangerous condition, the Plaintiff would never have taken the subject cruise.  The Plaintiff therefore would never have been raped, sexually assaulted and/or assaulted.

118. **<u>DAMAGES</u>**: NCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not

limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against NCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/ John H. Hickey, Esq.*
**JOHN H. HICKEY (FBN 305081)**
hickey@hickeylawfirm.com
**LISA C. GOODMAN (118698)**
lgoodman@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorney for the Plaintiff*